UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATRELL GERMANY,              ) | |
|                                                    ) | |
|         Plaintiff,                          ) | |
|                                                    ) | |
|     vs.                                        ) | Case No. 4:25-CV-00405 HEA |
|                                                    ) | |
| US BANK, et al.,                     ) | |
|                                                    ) | |
|         Defendants.                    ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of pro se plaintiff Latrell Germany for leave to commence this action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Furthermore, after reviewing the complaint, the Court will direct plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Additionally, plaintiff's motions for preliminary injunction and for appointment of counsel will be denied without prejudice. [ECF No. 4].

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Civil Complaint

Plaintiff Latrell Germany, the homeowner at 1940 Hudson Road in Saint Louis, Missouri, filed her civil complaint on March 27, 2025, against defendants U.S. Bank, DAS Acquisition Company, LLC and CSM Foreclosure Trustee Corporation. [ECF No. 1]. Plaintiff has attached an eleven-page "Statement of Claim" to her form complaint, generally alleging claims under the United States Commercial Code (UCC), the Federal Reserve Act of 1913, the Truth in Lending Act (TILA), the Fair Debt Collection Practices Act (FDCPA), three separate criminal statutes,[1] and 42 U.S.C. § 1994 (a federal statute abolishing peonage).

Under these broad statutes, plaintiff asserts three counts for relief: (1) breach of contract against DAS Acquisition Company, LLC, for transferring, on or about April 1, 2023, a mortgage

---

[1] 18 U.S.C. §§ 8, 941 and 1348.

- 2 -

she took out with U.S. Bank on February 23, 2023; (2) breach of fiduciary duty against U.S. Bank for its refusal to accept a "negotiable instrument" tendered by plaintiff on an unspecified date, refusal to transfer a principal balance in accounts connected to plaintiff, threatening foreclosure proceedings on the Hudson Road property, suspending credit funds on plaintiff's accounts, and purportedly making debt collection calls and/or improper reporting on plaintiff's credit reports which led plaintiff to send a "final notice of tender" to U.S. Bank; (3) fraud against defendants DAS Acquisition Company, LLC and U.S. Bank for allegedly failing to inform plaintiff that the purported "contracts" with plaintiff were negotiable instruments, such that plaintiff was led to believe a debt was owed and CSM Foreclosure was allowed to pursue nonjudicial foreclosure on plaintiff.

Plaintiff claims injunctive relief in this action, as well as monetary damages.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Although plaintiff lists a plethora of federal statutes in her "Statement of Claim," she fails to connect the purported statutes to the claims within her

complaint. For example, plaintiff asserts that her breach of contract, breach of fiduciary duty and fraud claims arise under the TILA, the FDCPA, the Federal Reserve Act, various federal criminal statutes, the UCC and a federal statute abolishing peonage. However, none of the aforementioned statutes allow for federal question jurisdiction in the current case as plaintiff has not connected the claims in her complaint to the alleged statutes listed therein.

TILA requires creditors to make certain disclosures in consumer credit transactions. *See* 15 U.S.C. § 1638(a). To state a claim for a TILA violation, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed [in a consumer credit transaction] and why certain charges and fees are not bona fide and are unreasonable in amount." *Diallo v. Capital One, N.A.,* No. 23-1532, 2023 WL 3136145, at *2 (E.D. Pa. Apr. 26, 2023) (quoting *Wilson v. Round Point Mortgage Servicing Corp.,* No. 21-19072, 2022 WL 3913318, at *5 (D.N.J. Aug. 31, 2022)).

Plaintiff cites to several sections of the TILA in her "Statement of Claim," including: 15 U.S.C. §§ 1602(d), (e), (f), (g), (i), (j), (l), (n), (p), (w), (x); § 1605; § 1611; and § 1615. She fails, however, to allege facts that would link any acts or omission on the part of defendants to supporting law establishing her entitlement to relief with respect to the TILA. And in reading plaintiff's complaint, the Court is unsure how plaintiff's assertions regarding a purported foreclosure of her mortgage, coincide with the TILA.[2] Regardless, plaintiff is obligated to set forth in her complaint exactly what provisions of the TILA defendants violated, and then match the facts in her complain

---

[2]The TILA grants borrowers "an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy TILA's disclosure requirements." *Jesinoski v. Countrywide Home Loans, Inc.,* 574 U.S. 259, 262-263 (2015). However, the right to rescission under TILA does not last forever. "Even if a lender never makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Id.* (quoting 15 U.S.C. § 1635(f)) (emphasis in original). A transaction is consummated for the purposes of TILA when the loan documents are executed. *Gaona v. Town & Country Credit,* 324 F.3d 1050, 1054 (8th Cir. 2003). Plaintiff states that she entered into her mortgage with U.S. Bank in February of 2023.

to those purported violations to meet the jurisdictional requirements of subject matter jurisdiction. Her failure to have done so is fatal to her jurisdictional arguments.

Plaintiff additionally cites to the FDCPA to support her claims for breach of contract, breach of fiduciary duty and fraud against defendants. The FDCPA is designed "to eliminate abusive debt collection practices by debt collectors" and "to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692 (a); *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006). The Act prohibits "false, deceptive, or misleading representations or means in connection with the collection of any debt" and "unfair or unconscionable means to collect or attempt to collect any debt." *Id*. §§ 1692e, 1692f; *Heinz v. Carrington Mortg. Servs., LLC*, 3 F.4th 1107, 1112 (8th Cir. 2021).

To establish a violation of the FDCPA, plaintiff must allege that: (1) she is a consumer; (2) defendants are debt collectors; and (3) they violated, by act or omission, a provision of the FDCPA to collect a debt. *See Klein v. Stellar Recovery, Inc.,* No. 4:16CV1480 (JMB), 2017 WL 4551526, at *2 (E.D. Mo. Oct. 12, 2017) (citation omitted). A debt collector who violates the FDCPA is liable for any actual damages sustained by the plaintiff in addition to statutory damages of up to $1,000 and attorney's fees. 15 U.S.C. § 1692k(a). Actual damages include damages for mental anguish, emotional distress, and humiliation. *Jenkins v. E. Asset Mgmt., LLC*, 4:08 CV 1032 CAS, 2009 WL 2488029, at *3 (E.D. Mo. Aug. 12, 2009).[3]

---

[3]For a communication to be in connection with the collection of a debt, "an animating purpose of the communication must be to induce payment by the debtor." *Heinz*, 3 F.4th at 1112-13 (citing *McIvor v. Credit Control Servs., Inc.,* 773 F.3d 909, 914 (8th Cir. 2014)). "In determining whether a particular communication was made in connection with the collection of a debt, courts examine the relationship between the parties, the purpose and context of the communication as a whole, and whether there is an explicit demand for payment." *Hennessey v. Medicredit, Inc.,* No. 4:18-CV-00217, 2018 WL 3546769, at *2 (E.D. Mo. July 24, 2018) (quoting *Klein v. Stellar Recovery, Inc.,* No. 4:16 CV 1480, 2017 WL 4551526, at *3 (E.D. Mo. Oct. 12, 2017)). "It is not necessary for a communication to include an 'explicit demand for payment' to be considered 'in connection with the collection' of a debt," but "it is just as clear that 'the statute does not apply to every communication between a debt collector and a debtor.'" *Id.* "The language used in the communication is ... a factor" to consider in testing whether the communication is

Plaintiff cites to several sections of FDCPA in her "Statement of Claim," including: 15 U.S.C. §§ 1692a(3),(5), (6), (7); §§ 1692c(b); §§ 1692e(3), (4), (5), (6); §§ 1692f(1), (6); §§ 1692g(a), (b), (c), (d); §§ 1692g (a), (b), (c), (d); and §§ 1692i (a), (b). She fails, however, to allege facts that would link any acts or omission on the part of defendants to supporting law establishing her entitlement to relief with respect to the FDCPA. The Court is not obligated to sift through the complaint and the listed statutes and analyze each statute to construct claims for plaintiff. *See Stone*, 364 F.3d at 914. Thus, she has failed to establish subject matter jurisdiction under the FCDPA.

Plaintiff is also unable to establish subject matter jurisdiction under the Federal Reserve Act. Plaintiff seems to suggest that defendants were violating Section 16 of the Federal Reserve Act, 12 U.S.C. §§ 411-21, which governs the issuance and redemption of Federal Reserve notes. As a result, plaintiff alleges that defendants are subject to penalties under Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, which imposes penalties on banks for an array of misconduct. But the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act. *Benz-Puente v. Truist Fin.,* No. 23-cv-2682, 2023 WL 4763998, at *2 (E.D. Pa. July 26, 2023) (Smith, J.) (compiling cases supporting finding that Section 29 "does not create a private right of action"). Thus, the Federal Reserve Act cannot form the basis for this Court's subject matter jurisdiction.

Plaintiff fares no better under the various criminal acts listed in her complaint, or under the UCC provisions cited to by plaintiff, or the federal statute abolishing peonage. None of the aforementioned statutes create a private right of action Plaintiff does not cite, nor is the Court

---

designed to induce payment and "legitimate business inquiries and informational communications do not violate § 1692c(a)(2)." *Id.* (citations omitted).

aware, of any other federal statute under which her claims could be brought. The Court therefore concludes that plaintiff's asserted bases of federal question jurisdiction are patently meritless.

Because the instant action does not arise under the Constitution, laws, or treaties of the United States, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

### B. Diversity Jurisdiction

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. It does not appear that diversity jurisdiction exists here because plaintiff admits in the complaint that she is a citizen of the State of Missouri and defendants U.S. Bank and CSM Foreclosure Trustee Corporation are both incorporated in the State of Missouri. As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

### Motion for Preliminary Injunction

On March 28, 2025, plaintiff filed a motion for preliminary injunction seeking to enjoin foreclosure proceedings on her real property located at 1940 Hudson Road in Saint Louis, Missouri. [ECF No. 4]. Plaintiff, however, has not indicated when the alleged foreclosure proceedings are set to occur. She merely states that she received notice of the proceedings from defendant CSM Foreclosure Trustee Corporation through the mail on or about March 25, 2025, noting that the foreclosure proceedings had been initiated by U.S. Bank on February 24, 2025, due to plaintiff's alleged default on her mortgage. Plaintiff contends that she has performed on her mortgage loan, and she seeks to halt the foreclosure proceedings.

Federal Rule of Civil Procedure 65 states that the "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). As of today's date, there is no indication that defendants have notice of plaintiff's action or her motion for preliminary

injunction. Therefore, the Court is precluded from ruling on plaintiff's motion at present, and it will be denied, without prejudice.

As set forth above, it is unclear if the Court has jurisdiction over the present matter. An injunction is an extraordinary remedy that is never awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 27 (2008). In determining whether to grant a temporary restraining order or a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff,* 782 F.3d 1016, 1021 (8th Cir. 2015); *see also Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1222 (8th Cir. 1986).

Because plaintiff has not clearly indicated a jurisdictional basis for the present matter, nor has she indicated when the foreclosure proceedings will occur, it does not clearly appear from specific facts in plaintiff's complaint that immediate and irreparable injury, loss, or damage will result to plaintiff before the adverse parties, or their attorneys, can be heard in opposition. For these reasons, the Court will deny plaintiff's request for preliminary injunction at this time. Plaintiff may renew her request for preliminary injunction later if she is able to give notice to the opposing side or provide the Court with adequate reasons why an *ex parte* hearing should occur.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that to the extent plaintiff Latrell Germany is attempting to allow another pro se individual represent her interests in this action – Domaneik S. Hall - the

Court **STRIKES** this litigant from the pleadings. A non-attorney litigant may not represent another pro se litigant in federal court.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **twenty-one (21) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [ECF No. 4] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time.**

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 2nd day of April, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE