UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATRELL GERMANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-CV-00405 HEA |
| ) | |
| US BANK, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before upon plaintiff Latrell Germany's response to the Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction. [ECF Nos. 7 and 8]. After reviewing the response briefs, and for the reasons discussed below, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

### Background

Plaintiff Latrell Germany, the homeowner at 1940 Hudson Road in Saint Louis, Missouri, filed this action on March 27, 2025, against defendants U.S. Bank, DAS Acquisition Company, LLC and CSM Foreclosure Trustee Corporation. [ECF No. 1]. Plaintiff attached an eleven-page "Statement of Claim" to her form complaint, generally alleging claims under the United States Commercial Code (UCC), the Federal Reserve Act of 1913, the Truth in Lending Act (TILA), the Fair Debt Collection Practices Act (FDCPA), three separate criminal statutes, and 42 U.S.C. § 1994 (a federal statute abolishing peonage). *Id.*

Under these broad statutes, plaintiff asserted three counts for relief: (1) breach of contract against DAS Acquisition Company, LLC, for transferring, on or about April 1, 2023, a mortgage

she took out with U.S. Bank on February 23, 2023;[1] (2) breach of fiduciary duty against U.S. Bank for its refusal to accept a "negotiable instrument" tendered by plaintiff on an unspecified date, refusal to transfer a principal balance in accounts connected to plaintiff, threatening foreclosure proceedings on the Hudson Road property, suspending credit funds on plaintiff's accounts, and purportedly making debt collection calls and/or improper reporting on plaintiff's credit reports which led plaintiff to send a "final notice of tender" to U.S. Bank; (3) fraud against defendants DAS Acquisition Company, LLC and U.S. Bank for allegedly failing to inform plaintiff that the purported "contracts" with plaintiff were negotiable instruments, such that plaintiff was led to believe a debt was owed and CSM Foreclosure was allowed to pursue nonjudicial foreclosure on plaintiff. *Id.*

On April 2, 2025, the Court granted plaintiff leave to proceed in forma pauperis and ordered plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. [ECF No. 5]. The Court noted that although plaintiff had stated in a conclusory manner in her complaint that defendants had committed violations of the TILA and the FDCPA, she had failed to allege facts that would link any acts or omissions on the part of defendants to supporting law establishing her entitlement to relief with respect to those Acts. Furthermore, plaintiff was unable to sustain a private right of action under the Federal Reserve Act, and she had failed to list specific provisions of the UCC, the federal statute abolishing peonage, or the alleged criminal statutes she cited to in her complaint under which she could hold defendants liable. Thus, plaintiff

---

[1] Although this was plaintiff's initial claim in her complaint, plaintiff has attached a copy of her General Warranty Deed and Promissory Note to her response brief, ECF No. 7-1, and it appears that the loan was originally entered into with DAS Acquisition Company, LLC, in an amount of $121, 260.00. The finance charge on the loan is listed as 6.75% at a monthly payment of $786.43. It is noted on the Promissory Note that this monthly payment did not include any property taxes, insurance or "other charges." Plaintiff received a letter from DAS on February 23, 2023, ECF No. 7-1, p. 141, indicating that her mortgage loan had been transferred to U.S. Bank National Assn., and that her payment should be mailed to that entity. The terms of her loan remained the same. *Id.*

was unable to establish federal question jurisdiction. Moreover, plaintiff was unable to establish diversity jurisdiction because she admitted in her complaint that she was a citizen of the State of Missouri and defendants U.S. Bank and CSM Foreclosure Trustee Corporation are both incorporated in the State of Missouri.

Plaintiff was instructed to show cause no later than Wednesday, April 23, 2025, as to why this action should not be dismissed for lack of subject matter jurisdiction.

### Plaintiff's Response Briefs

In her response briefs to the Order to Show Cause, ECF Nos. 7 and 8, plaintiff asserts generally that this Court's jurisdiction falls under the TILA and the FDCPA. However, plaintiff once again fails to articulate specific sections of both Acts under which she is pursuing causes of action.[2] Similarly, she states that she is suing defendants under diversity jurisdiction, but she fails to account for the fact that both she and two of the defendants share states of citizenship.

### Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.,* 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.,* 567 F.3d

---

[2] At one point in her response brief, plaintiff attempts to argue that the finance charge in the Promissory Note with DAS was not articulated. However, as set forth in Footnote 1, the Promissory Note clearly stated that plaintiff was being charged a finance charge of 6.75% on her mortgage. Plaintiff has not included documents relating to the judicial foreclosure, nor has she included information relating to the purported debt collection efforts by defendant CSM Foreclosure Trustee Corporation. Thus, the Court cannot comment on whether the alleged FDCPA practices followed the Act as prescribed.

976, 982 (8th Cir. 2009). After reviewing plaintiff's response briefs, the Court finds that plaintiff has failed to establish subject matter jurisdiction exists in this matter. *See* Fed.R.Civ.P. 12(h)(3).

As noted above, plaintiff admits that both she and two of the defendants are citizens of the State of Missouri; thus, this Court lacks diversity jurisdiction. Additionally, plaintiff's claims in her complaint and response briefs under the TILA and the FDCPA are merely conclusory. Plaintiff has failed to articulate the sections of the Acts under which she is suing defendants. *See, e.g., Kosobucki v. Bank of America, N.A.*, No. 15-60458-Civ-Scola, 2015 WL 11198244 at *2 (S.D. Fla. July 30, 2015) (finding that the defendant was not afforded fair notice and explaining that "TILA. . .[is a] highly specific statute[] and the [plaintiffs'] claims do not clearly indicate what TILA violation occurred. . ."); *Yancey v. First Bank*, No. 6:16-CV-00028, 2016 WL 4126661, at *4 (W.D. Va. Aug. 2, 2016) (dismissing TILA and Regulation Z claim when complaint failed to reference the specific section of the TILA being violated); *Robinson v. Capital One Auto Finance*, No. 1:20-cv-23105-UU, 2020 WL 8186266, at *2 (S.D. Fl. Dec. 11, 2020) (dismissing amended complaint because plaintiff failed to allege a specific provision of TILA allegedly violated by defendant). Thus, plaintiff's conclusory allegations of the TILA and FDCPA cannot form a basis for this Court's federal question jurisdiction. As such, this action is subject to dismissal for lack of jurisdiction.

**Conclusion**

Nothing in plaintiff's complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because it appears that plaintiff and at least two of the defendants are citizens of the same state. As a result, this case will be dismissed, without prejudice, for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

**IT IS FURTHER ORDERED** that plaintiff's request for the ability to use Domaneik S. Hall as her pro se counsel [ECF No. 6] is **DENIED.**

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of April, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE